‘Judge Owsley
delivered the Opinion of the Court.
It appearing from the proof and exhibits in the cause, that the title under which Met-calf recovered the fourteen acres of land from *318 Spear's, is paramount to the title of Garrard, and there being no evidence of any fraud having beerl committed by Garrard in the sale of the land, the extent to Which Garrard became liable} upon the recovery of the land by Metcalf} was the consideration money for which he sold the foil'd, afid interest, and ’as fey afterwards accepting a deed of conveyance for the fond from Garrard, Spears discharged Garrard from the liability under his bond for a title, it is but equitable, and the court was correct in so decreeing} that Spears shduld account to Durbin for the amount to which Garrard would otherwise have.been liable, on account of the recovery Of the land by Metcalf, proof having beéñ made that Durbin, from whom Spears obtained.^ the assignment of Garrard’s bond for the fourtéen£acres, had, after the recovery by Metcalf,- and before the deed was made by Garrard, settled with Spears for. the lost land.
Implied contracts between vendor and vendee.
Crittenden, for plaintiff; Maye's tmd Talbott, for defendants.
Decree affirmed with costs.